**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAHMOUD ABURADWAN, *Plaintiff*, v. GREGORY E. RAMIREZ, THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF SANITATION, *Defendants*. | Civil No.: 24-cv-6007 (KSH) (JSA) **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

This matter is before the Court on defendants' renewed motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). As discussed in the Court's prior opinion (D.E. 21, 12/30/24 Op.), this is a personal injury action that arose from a December 23, 2022 collision on the New Jersey Turnpike in Jersey City, New Jersey, involving a box truck driven by plaintiff Mahmoud Aburadwan ("plaintiff") and a commercial sanitation truck driven by defendant Gregory E. Ramirez ("Ramirez") for defendant City of New York (the "City," and with Ramirez, "defendants").[1] Plaintiff alleges that Ramirez collided with a vehicle that then struck plaintiff's truck, and that defendants are liable for Ramirez's negligent acts. The suit was filed in New Jersey Superior Court on November 13, 2023, and removed here on May 10, 2024.

As in their prior motion, defendants continue to argue that plaintiff failed to meet the notice of claim requirement, which they contend is a condition precedent to suit. (D.E. 27.) Plaintiff maintains that he was not required to serve a notice of claim, and that in any event a

---

[1] As the Court previously noted, plaintiff's complaint named the City as well as the New York City Department of Sanitation, the latter of which defendants say is not a separate entity from the city.

1

subrogation letter sent by the insurance carrier for plaintiff's company creates issues of fact that should warrant denying defendants' motion. (D.E. 30.) Defendants reply that this notice did not meet the statutory requirements for a notice of claim and that plaintiff fails to identify how additional discovery would result in relevant evidence. (D.E. 31.)

The question on a defendant's Rule 12(c) motion is whether, accepting the truth of the pleaded allegations and drawing inferences in favor of the plaintiff, the defendant is entitled to judgment as a matter of law. *Bibbs v. Trans Union LLC*, 43 F.4th 331, 339 (3d Cir. 2022). The same limited universe of documents available for consideration on a Rule 12(b)(6) motion, namely the pleadings and exhibits to them, matters of public record, and documents forming the basis of the claim, may be considered in answering that question. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019).

When the parties queued up this central issue in the prior round of motion practice—whether plaintiff was required to file a notice of claim with the City, and more particularly whether the notice of claim requirement in New York General Municipal Law § 50-e(1) and § 50-i(1) applied to plaintiff's claim based on an accident in New Jersey—the Court ruled that there appeared to be a conflict between New York and New Jersey law, and that the motion briefing had not offered a comprehensive choice of law analysis applying New Jersey's "most significant relationship" test for choice-of-law questions in personal injury cases. Defendants had therefore not shown at that juncture that they were entitled to judgment as a matter of law, warranting denial of the motion without prejudice.

The Court further observed that the Appellate Division of the New Jersey Superior Court was poised to rule in the case captioned *Williams v. Ferro*, which similarly involved the applicability of the notice of claim requirement in a New Jersey-venued case arising from a

motor vehicle crash in New Jersey filed by a New Jersey driver against New York City's sanitation department and a city-employed garbage truck driver. Because this Court's application of New Jersey substantive law looks to how New Jersey courts have themselves interpreted their own state's law, the Court directed the parties to address the role of the *Williams* case at the next conference with Magistrate Judge Allen, along with any discovery necessary for an appropriate choice-of-law analysis.

The Appellate Division decided *Williams* just over a week later. *Williams v. Ferro*, No. A-0873-23, 2025 WL 45235, at *1 (N.J. Super. Ct. App. Div. Jan. 8, 2025) (per curiam). Judge Allen subsequently granted defendants leave to file a renewed motion for judgment on the pleadings in this action. (D.E. 26.)

As this Court did in its December 30, 2024 opinion, the Appellate Division in *Williams* concluded that a conflict of law existed between New Jersey's and New York's law in that analogous set of facts because New Jersey's Tort Claims Act does not apply to a New York municipal defendant (and thus does not apply its notice of claim requirement to protect that defendant), while New York's municipal law *would* apply its notice of claim requirement. *Id.* at *2. The "most significant relationship" test therefore applied, under which New Jersey's law (as the place of the injury) presumptively governed, unless New York had a more significant relationship with the parties and the occurrence under the Restatement (Second) of Conflict of Laws §145, and the guiding principles in § 6 of the Second Restatement. *Williams*, 2025 WL 2025 WL 45235, at *3.[2] With respect to comity in particular, the panel wrote:

---

[2] The § 145 factors are:
    (a) the place where the injury occurred,
    (b) the place where the conduct causing the injury occurred,
    (c) the domicil[e], residence, nationality, place of incorporation and place of business of the parties, and

3

> Finally, the principle of comity applies to the choice-of-law analysis by requiring the court to examine the public policy "of the forum state and the impact on that policy of enforcing the foreign proceeding." In determining whether to apply another state's laws as a matter of comity, other considerations apply: "(1) the convenience of the litigants and witnesses, as well as the interests of justice (forum non conveniens); (2) the dissimilarity of remedies in the different jurisdictions; and (3) the existence of conflicts with the local public policy of the forum."

*Id.* (quoting *City of Philadelphia v. Austin*, 86 N.J. 55, 64 (1981)).

Applying this test, the *Williams* panel observed that although certain factors favored maintaining the presumption that New Jersey law would apply, including the plaintiff's residence in New Jersey, that the act and injury were in New Jersey, and that the parties' relationship was centered in New Jersey where the accident happened, the analysis is nevertheless qualitative rather than purely quantitative. *Id.* at *3. The § 6 principles and the principle of comity weighed significantly the other way because New Jersey's public policy is to "effectuate the laws of sister states, and "[e]xtending the same immunity protections under New York law to a New York public entity comports with New Jersey public policy." *Id.* at *4. The panel looked to the similarities between the two states' statutory notice requirements, time limits for compliance, and animating purpose—essentially, to allow for expeditious administration of

---

(d) the place where the relationship, if any, between the parties is centered.
Restatement (Second) of Conflict of Laws § 145 (1971). The § 6 principles include:
    (a) the needs of the interstate and international systems,
    (b) the relevant policies of the forum,
    (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
    (d) the protection of justified expectations,
    (e) the basic policies underlying the particular field of law,
    (f) certainty, predictability and uniformity of result, and
    (g) ease in the determination and application of the law to be applied.
*Id.* § 6.  The § 6 principles, "[r]educed to their essence," are "(1) the interests of interstate comity; (2) the interests of the parties; (3) the interests underlying the field of tort law; (4) the interests of judicial administration; and (5) the competing interests of the states." *P.V. ex rel. T.V. v. Camp Jaycee*, 197 N.J. 132, 147 (2008) (cleaned up).  (*See* D.E. 21, at 5.)

4

claims (New Jersey) and to "pass on the merits of a claim before the initiation of litigation and thereby forestall unnecessary lawsuits" (New York). And it concluded that applying New York law, and specifically the notice of claim requirement in New York's General Municipal Laws, would not offend New Jersey's public policy. *Id.* at *4-5 (citations omitted). To the contrary, an opposite holding would unacceptably penalize defendants: "As our Supreme Court in *In re Accutane Litig.* noted, '[o]ur interstate system recognizes that the forum state should not apply its choice-of-law principles in a way that discriminates against out-of-state residents. That is the essence of comity.' To apply New Jersey law to this case, defendants would lose the limited immunity protections afforded to a municipality under New York law." *Id.* at *5 (quoting *In re Accutane Litig*, 235 N.J. 229, 262 (2018)).

      Plaintiff argues that this Court is not bound by *Williams*, an unpublished opinion, and is free to disregard it. (D.E. 30, Pl.'s Opp. at 11-12.) That may be so, but the Court's task as it sits in diversity is to look to how the New Jersey Supreme Court has ruled on the issue, and in the absence of such guidance, to predict how that court would rule if presented with it. *Holmes v. Kimco Realty Corp.*, 598 F.3d 115, 118 (3d Cir. 2010). No party has offered controlling New Jersey Supreme Court precedent, and so in making its prediction, this Court may look to "analogous state court cases and in the absence of an authoritative pronouncement by a state's highest court," the Court may "give serious consideration to the opinion of an intermediate appellate court." *Id.* (cleaned up). *Williams* involved virtually identical facts as those offered by plaintiff here: a New Jersey resident driver allegedly injured in a motor vehicle crash in Jersey City by a New York City garbage truck driven by a New York City-employed driver. The choice of law setup is identical, and the analysis is exactly the one the Court said was missing

5

from the prior round of motion practice in this case. This Court is persuaded by the reasoning in *Williams*, and applies it here. New York's notice of claim requirement applies.

Plaintiff's backup argument is that a notice that his company's insurer sent to the City's comptroller raises factual questions about whether he complied with the notice of claim requirement. (D.E. 30, Pl.'s Opp., at 12-13; D.E. 30-1 & 30-2, Aburadwan Cert. ¶ 9 & Ex. A.) That notice is filed as an exhibit to his opposition, and is captioned "Notice of Intent to File Claim" and dated February 9, 2023. (D.E. 30-2, Ex. A.)

The plaintiff in *Williams* made a similar substantial compliance argument that the Appellate Division squarely rejected. The purpose of the notice is to "afford a public entity adequate opportunity to investigate the circumstances surrounding an accident and to explore the merits of a claim promptly." *Williams*, 2025 WL 45235, at *5 (citing *Vallejo-Bayas v. New York City Tr. Auth.*, 962 N.Y.S.2d 203 (App. Div. 2013)). As the notice of claim is a condition precedent and "indispensable element" of the cause of action, failure to allege compliance with the requirement necessitates dismissal. *Id.* at *6 (citing *Ragosto v. Triborough Bridge & Tunnel Auth.*, 173 Misc.2d 560, 561 (App. Term 1997) and *E. Williamson Roofing & Sheet Metal Co. v. Town of Parish*, 530 N.Y.S.2d 720 (App. Div. 1988)). And a notice can only be amended for limited reasons, which do not include changes that substantively amend the "nature of the claim or the theory of liability." *Id.* at *5 (citing *Castillo v. Kings Cnty. Hosp. Ctr.*, 52 N.Y.S.3d 451 (App. Div. 2017)).

Among other requirements, the notice of claim must identify the claimant by name and state "the nature of the claim" and the "items of damage or injuries claimed to have been sustained so far as then practicable." N.Y. Gen. Mun. L. § 50-e(2). Even assuming *arguendo* that plaintiff could rely on a notice sent by a third party a step removed from him (*i.e.*, the insurer

for the company he operates through), the notice does not contain this mandatory information. The insured is identified as Maxman Logistics Inc., not plaintiff, and only describes property damage (that is, damages to the insured's vehicle). This could not, under New York law, serve as notice of a bodily injury claim by plaintiff, and he does not argue that he (or anyone else) ever sought to amend the notice, to serve any other notice, or to move for permission to file a late notice, the time for which has long since passed.

      Defendants' motion for judgment on the pleadings is granted. An appropriate order will issue.

Date: December 30, 2025

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.